DEPARTMENT OF TREASURY, GROSS INCOME TAX DIVISION, STATE OF INDIANA *v.* ADVANCE PAINT COMPANY.

[No. 27,969.   Filed February 21, 1944.   Rehearing denied March 21, 1944.]

*James A. Emmert,* Attorney General, *Winslow Van Horne* and *John J. McShane,* Deputy Attorneys General, for appellant.

*John A. Royce, Howard P. Travis,* and *Herbert J. Backer,* all of Indianapolis, for appellee.

FANSLER, C. J.—The appellee brought this action for the refund of gross income tax alleged to have been erroneously collected. The facts were stipulated, and there was a judgment for the plaintiff from which the State appeals.

The Advance Paint Company sometimes accepted as payment for its products its customers' negotiable promissory notes in the ordinary form. The amounts of these notes were reported upon its gross income tax returns, and the taxes paid the same as though cash had been received. Some of these notes the Advance Paint Company indorsed in blank and delivered to the bank at which they were made payable, which immediately credited the company's checking account with the principal and accrued interest on such notes, under an oral agreement that if any of the notes were not paid by the makers at maturity, the Advance Paint Company would immediately pay the principal and accrued interest due on such notes without the necessity of the bank notifying the maker, protesting the nonpayment of the note, or doing anything else than to notify plaintiff of such nonpayment, and that plaintiff would thereupon take the note again into its possession and be solely responsible for its collection. By indorsing the notes under this agreement the company became primarily liable to the bank for their payment. The amount of the credits to the checking account of the Advance Paint Company,

by reason of the indorsement and delivery of these notes, formed the basis of the assessment of taxes against the company which is here in controversy. If the credits to the company's checking account are taxable income, the judgment should be reversed; otherwise it must be affirmed.

Subsection (m) of § 64-2601, Burns' 1943 Replacement, § 15981, Baldwin's Supp. 1937, provides, among other things, that, for the purpose of taxation, "gross income" shall not include ". . . the receipt of borrowed money, nor the receipt of the repayment thereof," and also "That gross income shall not include any amount received as payment of the principal amount of a note taken in lieu of cash if . . . the face value of such note has been included in taxable gross income at the time of acceptance . . ." It is clear that under these provisions the amount received as payment of the notes would not be taxable income if the Advance Paint Company had retained the notes in its own possession.

The appellant contends that the notes were sold to the bank, and that the amounts credited to its checking account were income received from the sale of the notes, and that it is therefore taxable income. But, as we view it, there was no sale of the notes. It was simply a delivery to the bank under an agreement by which the proceeds, when and if paid to the bank at maturity, were to be applied to the extinguishment of the company's obligation to the bank arising out of the extension of credit upon its checking account. There was no other consideration for the indorsement and delivery of the notes to the bank. The obligation of the company arising out of the credit to its checking account was not paid or wiped out by the delivery of the notes. The company was still liable to pay that obligation,

and the bank obligated itself to do nothing more than to receive payment of the notes if it was tendered by the makers, and apply the proceeds to the extinguishment of the company's obligation. The delivery and deposit of the notes with the bank amounted to no more than a pledge of the proceeds of the notes to the payment of the company's obligations to the bank. The credit to the company's checking account was income arising out of "the receipt of borrowed money." When payment of the notes was received by the bank for the benefit of the company, it was "received as payment of the principal amount of a note taken in lieu of cash." Neither is taxable.

Judgment affirmed.

NOTE.—Reported in 53 N. E. (2d) 59.